### F. A. FINN v. THE STATE.

No. 1231. Decided June 23, 1897.

**Local Option—Social Club—Sale by or to a Member.**

In a local option precinct the sale of intoxicants is prohibited, except for sacramental and medicinal purposes. A sale of such intoxicants by the agent of an incorporated club to one of the members of the club is a violation of local option; and such club is not authorized to transfer intoxicants in a local option precinct by sale. Following Krnavek v. State, ante, p. 44.

APPEAL from the County Court of Travis. Tried below before Hon. D. A. McFALL, County Judge.

Appeal from a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The material facts are readily gathered from the opinion.

[No briefs for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law in precinct No. 2 of Travis County, and appeals. The town of Manor is situated in said precinct, at which place the sale occurred. The statement of facts in full is as follows: "It was admitted that local option existed in Precinct No. 2 of Travis County, Texas, in the year 1896, and that the clubroom of the Manor Casino was in said precinct, county, and State. The State proved by the witness Wm. Vickers that he purchased beer from the defendant in said clubroom in said local option precinct during the year 1896, while said local option was in force in said precinct, and before the 18th day of July, 1896." This is the agreed statement of facts in full. On the trial appellant proposed to prove that Vickers was at the time of the purchase a member of the Manor Casino; that said Casino was a private corporation, created under the laws of Texas. He further proposed to prove that appellant was a member of said Casino, and was employed at a salary of $45 per month, as steward of said corporation, to stay at the clubrooms, which rooms were rented, furnished, and equipped by said corporation, and appellant was to wait upon the members of said corporation, and to sell the members beer, cigars, and other refreshments; that he was not permitted to sell any of these things to anybody else, except the members of the corporation; that the money derived from the sale of the beer and other refreshments was not used for the purpose of declaring dividends among the members, but was used, together with the monthly dues paid by the members, and initiation fees charged for becoming members of said corporation, to pay for the rent of the clubroom, steward's salary, lights, billiard tables, balls, dominoes, tables, chairs, and cigars, and other refreshments, for the members, and for music. He further proposed to prove other facts along the same line, which tended to show that the defendant and the corporation itself only dealt with its members, and had no dealings or connection with outsiders, and that it had a charter, under the terms and within the limits of which it carried on its business and managed its affairs, and sold beer and other refreshments to its members, and that said charter limited the sales of intoxicants and other refreshments to its members. The charter provided for the government of the corporation and its membership. The object and purpose of introducing this evidence is not stated, and we are not authorized to conjecture as to what these objects were, or supply the omissions in the bill; but, if we were, we can imagine no legitimate purpose for the introduction of this evidence. In local option precincts the sale of intoxicants is prohibited, except for sacramental purposes, and, in cases of act-

ual sickness, for medicinal purposes. The Legislature having restricted the exceptions to these two propositions, it is beyond the province of the court to ingraft other exceptions upon the law. This is not a case coming within the rule laid down in Koenig's Case, 33 Texas Crim. Rep., 367. There is no question but that a sale by this corporation to one of its members is a sale within the definition of that term; and, being a sale, the parties are not authorized to transfer intoxicants in a local option precinct in this way. Krnavek v. State, ante, p. 44. The ruling of the court in rejecting the proffered testimony was correct. The judgment is affirmed.

*Affirmed.*